IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Ryan McAvoy, | ) | Civil Action No. 9:17-cv-754-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Dolgencorp, LLC, & Gator Northridge Partners, LLP, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter is before the Court on Defendant Gator Northridge Partners, LLP's ("GNP") motion to dismiss Defendant Dolgencorp, LLC's ("Dolgencorp") cross-claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 20.) For the reasons set forth below, the Court denies the motion.

I. Background

This case arises out of an alleged slip and fall incident that occurred at a Dollar General store on Hilton Head Island, South Carolina on June 25, 2015. (Dkt. No. 8 at 2.) Plaintiff Ryan McAvoy claims that he was injured at the Dollar General Store when his foot went into a hole in the floor of a store aisle. (Dkt. No. 8 at 2.) Plaintiff alleges that the property is owned by and/or under the control of Defendants Dolgencorp and GNP. (Dkt. No. 8 at 1-2.) Plaintiff asserts that the negligence of GNP, as lessor of the property, and Dolgencorp, as lessee and operator of the store, caused his injuries. (Dkt. No. 8 at 2-4.)

In its answer to Plaintiff's amended complaint, Dolgencorp asserts three cross-claims against GNP: (1) contractual indemnification; (2) equitable indemnification; and (3) contribution. (Dkt. No. 11 at 10-12.) GNP has moved to dismiss all three cross-claims for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 20.)

## II. Legal Standard

### A. Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). While the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### B. Contractual and Equitable Indemnification

Indemnity is a form of compensation in which one party is liable to another party for "loss or damage the second party incurs to a third party." *Campbell v. Beacon Mfg. Co.*, 438

S.E.2d 271, 272 (S.C. Ct. App. 1993). "A right of indemnity may arise by contract . . . or by operation of law as a matter of equity." *Id.* Contractual indemnity "will be construed in accordance with the rules of contracts generally." *Id.* (citing *Fed. Pac. Elec. v. Carolina Prod. Enters.*, 378 S.E.2d 56 (S.C. Ct. App. 1989)). To sustain a claim for equitable indemnification, a party must established the "existence of some special relationship between the parties" *Rhett v. Gray*, 736 S.E.2d 873, 884 (S.C. Ct. App. 2012) (quoting *Toomer v. Norfolk S. Ry. Co.*, 544 S.E.2d 634, 637 (S.C. Ct. App. 2001)). Such a relationship exists when a "party's negligence or breach of contract is directed at the non-faulting party and the non-faulting party incurs attorney fees and costs in defending itself against the other's conduct." *Id.* (quoting *Town of Winnsboro v. Wiedeman-Singleton, Inc.*, 414 S.E.2d 118, 121 (S.C. 1992)).

### C. Contribution

In South Carolina, "[w]here two or more persons become jointly or severally liable in tort for the same injury to person or property . . . there is a right of contribution among them." S.C. Code Ann. § 15-38-20(A); *see also Vermeer Carolina's, Inc., v. Wood/Chuck Chipper Corp*, 518 S.E.2d 301, 309 (S.C. Ct. App. 1999).

### III. Discussion

In its answer to Plaintiff's amended complaint, Dolgencorp asserts three cross-claims against GNP: (1) contractual indemnification; (2) equitable indemnification; and (3) contribution. (Dkt. No. 11 at 10-12.) To support these claims, Dolgencorp alleges that "Defendant and Gator Northridge contracted for the renovation, remodel, and/or lease of certain real property for the operation of a retail store . . . . [and] because of the actions, inactions and/or omissions of this Defendant and/or Gator Northridge and/or their agents, servants and/or employees, Plaintiff has suffered damages." (Dkt. No. 11 at 10.) Dolgencorp further alleges that GNP has a special relationship with Dolgencorp and a "common law right of full legal and

equitable indemnity . . . because Defendant is exposed to liability in this case . . . [as a result of the] primary wrongful acts and/or omissions of Gator Northridge." (Dkt. No. 11 at 11-12.) Finally, Dolgencorp alleges that, [i]n the event that this Defendant is found liable . . . any such liability was joint and concurring with the liability of Gator Northridge and this Defendant is entitled to contribution, in whole or in part, from Gator Northridge." (*Id.*)

GNP argues that this Court should dismiss Dolgencorp's cross-claims because (1) it had no duty to maintain the premises that were under Dolgencorp's control during its tenancy; and (2) Dolgencorp failed to allege facts that plausibly raise its claims for equitable and contractual indemnification and contribution. (Dkt. No. 20-1.) It is well-settled law that a landlord has no duty to maintain premises that are under the control of a tenant in South Carolina absent an agreement to the contrary between the parties. *See Creighton v. Coligny Plaza Ltd. P'ship*, 514 S.E.2d 510, 519 (S.C. Ct. App. 1998) (citing *Sheppard v. Nienow*, 173 S.E.2d 343, 344-45 (S.C. 1970) (explaining that a landlord has no duty to keep the leased premises in repair, absent "a valid contract on the part of the lessor to do so")). In this case, GNP, as lessor, entered into a contractual agreement in which it agreed to maintain the exterior and structural aspects of the premises. The agreement provides that:

> Lessor shall maintain at its cost and expense in good condition and shall perform all necessary maintenance, repair, and replacement to the exterior of the Demised Premises including, but not limited to, the roof, all paved areas, foundation, structural floors, exterior and load-bearing walls, all exterior utility lines and pipes, and all other structural portions of the building during the term of this Lease.

(Dkt. No. 24 at 4; Dkt. No. 19-1 at 5.)

GNP contends that Dolgencorp's cross-claims lack sufficient detail to state a plausible claim for relief. (Dkt. No. 20-1 at 5.) However, Dolgencorp's amended answer alleges facts sufficient to state plausible claims for relief against GNP for contractual indemnification,

-4-

equitable indemnification, and contribution. (Dkt. No. 11 at 10-12.) *See Twombly*, 550 U.S. at 570. Dolgencorp's answer references its contract with GNP and the provisions of that contract which require GNP to maintain exterior and structural aspects of the premises, including structural floors. These facts are sufficient to support Dolgencorp's cross-claims against GNP because it is plausible that GNP's failure to maintain the structural floors caused Plaintiff's alleged injury. *See Iqbal*, 556 U.S. at 678.

### IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss (Dkt. No. 20) is **DENIED.**

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

June 7, 2017
Charleston, South Carolina